## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                     **Case No. 4:20-cr-00258 KGB**

**MARCUS DEWAYNE WALTON**                                        **DEFENDANT**

### PRETRIAL DISCOVERY ORDER FOR CRIMINAL CASES

This order is designed to eliminate the need for the filing of, response to, and ruling upon the "routine" motions, such as the following: Discovery Motions Pursuant To Federal Rule of Criminal Procedure 16; Motion for Disclosure of Exculpatory Evidence; Motion for Disclosure of Any Offer of Leniency or Plea Bargain Between the United States or the State of Arkansas and Any Government Witness; Motion to Preserve Field Notes of Any Interview Conducted by Any Government Agent; Motion for Disclosure of Evidence Pursuant To Federal Rule of Evidence Rule 404(b); Motion for Early Disclosure of Jencks Act Material; Motion for Extension of Time to File Pretrial Motions; Motion of United States for Reciprocal Discovery; Motion of United States for Notice of Alibi; Motion by Defendant for Grand Jury Testimony; and Motion by Defendant for Electronic Surveillance.

### RULE 16

A motion is not required for discovery under Rule 16 of the Federal Rules of Criminal Procedure. The provisions of Rule 16(a) state that the Government must provide discovery upon a defendant's request, not upon a motion or upon an order. Fed. R. Crim. P. 16(a); *see also* 2 C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 257. Likewise, Rule 16(b) states that the defendant must provide reciprocal discovery if the defendant makes discovery requests

and the Government complies with those requests. Fed. R. Crim. P. 16(b). The Court expects the parties to provide discovery promptly and to do so without a court order.

### RULE 404(b)

Similarly, a motion is not required for a defendant to obtain Federal Rule of Evidence 404(b) information. Rule 404(b) provides, in pertinent part, "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Defendants must present any request for Rule 404(b) information to the Government, and the Government must comply with Rule 404(b) without a court order.

### BRADY/GIGLIO

The Government must comply with its Constitutional obligation to disclose any information known to it that is material to the guilt or punishment of the defendant whether or not the defendant requests it. *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). *Giglio* and *Brady* information must be disclosed in time for effective use at trial. *In re United States (United States v. Coppa),* 267 F. 3d 132, 142 (2d Cir. 2001); *United States v. Olson*, 697 F.2d 273 (8th Cir. 1983). *Cf. United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

### JENCKS ACT

The Court has no authority to order disclosure of Jencks Act material until a witness has testified. 18 U.S.C. § 3500. However, the Court encourages early disclosure so that trial delays may be avoided.

### FIELD NOTES

The Government must instruct agents of the United States to preserve field notes in existence at the time of indictment. The Court will rule on the discoverability of such field notes if that becomes an issue. The Court recognizes that the Government reserves its right to argue that field notes of agents of the United States are not discoverable.

### NEWLY DISCOVERED INFORMATION

It is the continuing duty of counsel for both sides promptly to disclose to opposing counsel all newly discovered information or other material within the scope of this order. Fed. R. Crim. P. 16(c).

### NON-COMPLIANCE

If a party has not complied with a discovery request, the party seeking discovery may move the Court to order compliance. Fed. R. Crim. P. 16(d)(2). Until a party has unsuccessfully requested discovery, no motion is needed. 2 C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 257. Counsel must comply with Local Rule 7.2(g) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas in connection with any motions to compel discovery.

### PRETRIAL MOTIONS

Pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure, the deadline for pretrial motions is 21 calendar days prior to trial, with a response to the motion due seven calendar days after the motion is filed. Fed. R. Crim. P. 12(c). Motions that arise from Jencks Act material are excluded from this deadline. Filing motions more than 21 calendar days before trial will usually be helpful to the Court, *i.e.*, the earlier, the better. Motions *in limine* are not included in this deadline for pretrial motions, but even for motions *in limine*, the earlier, the better. The parties are

especially encouraged to file any motions that may require a hearing, such as a motion to suppress, more than 21 calendar days before trial.

## MOTIONS TO SUPPRESS

Motions to suppress evidence obtained from a search pursuant to a warrant must allege specific facts that, if proven, would provide a basis for relief. This Court will deny an evidentiary hearing on suppression motions that are supported only by general or conclusory assertions founded on mere suspicion or conjecture. Motions to suppress must be filed 21 calendar days prior to trial, with a response to the motion due seven calendar days after the motion is filed. The parties are encouraged to file such motions more than 21 calendar days prior to trial.

It is so ordered this 18th day of November 2020.

_____
Kristine G. Baker
United States District Judge